■ In the Matter of ANDREW NANAA, Appellant, v CARL

---

ROCKEFELLER et al., Constituting the Zoning Board of Appeals of the Village of Fort Plain, Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (White, J.), entered March 21, 1990 in Montgomery County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Village of Fort Plain approving the request of Lounsberry Real Estate/Blueox Corporation for a special use permit.

We are once again called upon to review the determination of a municipal agency which has been challenged in a CPLR article 78 proceeding in which a petitioner seeks an order annulling a finding pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and setting aside the issuance of a special use permit.

The facts are not complicated and may be summarized as follows. Lounsberry Real Estate/Blueox Corporation (hereinafter Blueox) holds an option to purchase a 0.65-acre parcel of land at the intersection of State Routes 80 and 163 in the Village of Fort Plain, Montgomery County, presently containing a vacant structure originally known as the Bettzinger Carriage Factory Building. Blueox proposed to demolish the structure and construct a convenience store and gasoline station. The property is zoned C-1 commercial, which permits retail gasoline stations to operate upon issuance of a special use permit.[*]

Following an initial hearing, the matter was referred to the Montgomery County Planning Board (hereinafter the County Board) because of the site's proximity to a State highway. The County Board approved the matter conditioned upon the village's Zoning Board of Appeals (hereinafter respondent) being designated as the lead agency for an environmental review and conducting an environmental quality review. Respondent proceeded as indicated and Blueox completed a full environmental assessment form (hereinafter EAF). Respondent sent inquiries to potentially interested agencies and thereafter on February 22, 1990 reviewed the EAF and related responses. Respondent examined the relevant issues and determined the matter to be an unlisted action. After setting forth its reasoning, respondent made a negative declaration and granted the special use permit.

---

[*] The Zoning Code for the village does not require approval by the village's Zoning Board of Appeals for either demolition of the building or construction and operation of a convenience store.

Petitioner has challenged both the determination that the matter was an unlisted action and the negative declaration, contending that respondent was arbitrary and capricious. After an in-depth review in a well-reasoned opinion, Supreme Court found respondent in full compliance with SEQRA and dismissed the petition. We affirm.

Supreme Court correctly found that while the Bettzinger Carriage Factory Building was eligible for listing on the National Register of Historic Places or State Register of Historic Places, it was neither listed nor proposed for same and accordingly was not a type I action (see, 6 NYCRR 617.12 [b] [9]; see also, Matter of Marbletown Residents Assn. v Town of Marbletown Planning Bd., 163 AD2d 658, affg on opn below Sup Ct, Ulster County, Apr. 13, 1989, Bradley, J. [which determined that the action did not meet the requirements of 6 NYCRR 617.12 (b) (9) since the listing or proposal did not occur prior to site plan approval]).

Judicial review of SEQRA determinations are limited to whether the determination was made in accordance with lawful procedure and whether substantively the determination was affected by an error of law or was arbitrary and capricious (Akpan v Koch, 75 NY2d 561, 570). Here, respondent took a hard look at those issues on which petitioner expressed concern and made a reasoned elaboration of the basis for its determination. Courts may not substitute their judgment for that of a zoning board in the exercise of the considerable latitude it possesses in evaluating environmental effects and choosing between alternative measures (see, supra).

Judgment affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.